UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 15-cv-14109-ADB |
| JEHU HAND and ANTONIO KATZ, | * * | |
| Defendants. | * * | |

## **MEMORANDUM AND ORDER DENYING MOTION FOR SANCTIONS**

BURROUGHS, D.J.

The Securities and Exchange Commission ("SEC") commenced this action against Jehu Hand on December 10, 2015, alleging violations of Section 10(b) of the Exchange Act of 1934 and Rule 10b-5 thereunder; violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"); and aiding and abetting violations of Sections 5(a) and 5(c) of the Securities Act. [ECF No. 1]. On July 29, 2019, the parties filed a motion seeking approval of a consent judgment as to Hand, attaching a consent agreement signed by Hand. [ECF Nos. 43; 43-1]. That same day, the Court granted the motion and entered final judgment in the matter, thereby terminating the case. [ECF Nos. 44, 45].[1] Currently before the Court is Hand's motion

---

[1] A copy of the Consent Judgment and Order on the Motion to Approve Consent Judgment were mailed to Hand on July 29, 2019, [ECF No. 46], but were returned as undeliverable on August 6, 2019, [ECF No. 47], despite the fact that the Court used Hand's then-current mailing address. Hand notes that he did not receive notice as to whether the SEC "accepted the proposed consent to judgment" and states that "the filed consent" was not served upon him. [ECF No. 48 at 3]. The SEC's certificate of service accompanying the motion seeking approval of a consent judgment includes the same address the Court used on July 29, 2019. [ECF No. 43 at 5; ECF No. 47 at 2]. Regardless, Hand does not dispute that the case is no longer pending. See [ECF No. 48 at 3].

for sanctions. [ECF No. 48]. For the reasons set forth more fully below, Hand's motion is DENIED.

I. BACKGROUND AND PROCEDURAL HISTORY

On the same day that the SEC filed a complaint in this matter, [ECF No. 1], a grand jury in the District of Massachusetts returned an indictment against Hand regarding nearly identical conduct: a pump-and-dump scheme involving the stock of Greenway Technology, [Case 1:15-cr-10386-WGY, ECF No. 11]. On August 31, 2016, the Department of Justice moved to intervene and to stay this matter pending resolution of the parallel criminal proceeding. [ECF No. 6]. On October 4, 2016, the Court granted the motion to intervene and stayed this matter. [ECF No. 13]. On May 21, 2018, a jury entered a guilty verdict convicting Hand of six counts alleged in a Superseding Indictment. [Case 1:15-cr-10386-WGY, ECF No. 173]. On July 11, 2018, the SEC moved to lift the stay in this matter, [ECF No. 16], and on July 12, 2018, the Court granted the motion, [ECF No. 17].

As noted above, the parties entered into a consent agreement and the Court entered a final judgment in this matter on July 29, 2019. [ECF Nos. 43; 43-1; 44; 45]. On November 12, 2019, Hand filed the instant motion seeking sanctions pursuant to Federal Rule of Civil Procedure 11(c). [ECF No. 48]. The SEC filed its opposition to the motion on November 26, 2019, [ECF No. 51], and Hand filed a reply brief on December 10, 2019, [ECF No. 52].

II. DISCUSSION

Hand alleges that, at the time of filing its civil complaint against him in December 2015, the SEC knew the allegations in its complaint were false, in violation of Federal Rule of Civil Procedure 11(b)(3). [ECF No. 48 at 2–3]. As a result, Hand seeks sanctions against the SEC under Federal Rule of Civil Procedure 11(c), arguing that, despite entering into a consent

2

agreement to resolve this matter, he did not waive his right to seek sanctions against the SEC. [Id. at 4]. The SEC objects to Hand's motion on several grounds, including that the consent agreement specifically prevents Hand from contesting the factual allegations of the complaint, and further that Hand's criminal conviction supports the allegations in this parallel civil case. [ECF No. 51 at 1–2].

A.  **Terms of the Consent Agreement**

As the SEC observes, one of the terms of the consent agreement signed by Hand on May 24, 2019, is his promise "not to take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis . . . ." [ECF No. 43-1 at 4]. The consent agreement also includes an acknowledgement by Hand that he entered into the consent agreement under his own free will: "Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent." [Id. at 2].

Hand states that he "was obliged to settle" this matter but does not claim that he entered into the consent agreement under duress. See [ECF No. 48 at 4]. His motion for sanctions expressly denies the factual allegations in the SEC's complaint: "The Complaint is based upon a series of unsupported factual allegations." [Id. at 14; see also id. at 4–14 (denying specific allegations from the Complaint)]. Hand's statements therefore contravene the terms of his consent agreement. See [ECF No. 43-1 at 4]. Although Hand may regret his decision to enter into the agreement, he is bound by its terms, particularly since he has benefited from the consent

3

agreement to the extent that the case against him was terminated and the SEC did not seek a civil monetary penalty against him. [ECF No. 43 at 4].

B.     **Appropriateness of Rule 11 Sanctions**

As to the substance of the Rule 11 claim, Federal Rule of Civil Procedure 11(b)(3) requires a party presenting a pleading before the Court to certify that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Fed. R. Civ. P. 11(b)(3). The First Circuit has held that "[w]hether a filer breached these duties 'depends on the objective reasonableness of the [filer's] conduct under the totality of the circumstances.'" Eldridge v. Gordon Bros. Grp., LLC, 863 F.3d 66, 87–88 (1st Cir. 2017) (quoting Navarro-Ayala v. Nunez, 968 F.2d 1421, 1425 (1st Cir. 1992)).

Rule 11(b)(3) does not require a party to have evidence supporting each allegation at the time of filing. As the First Circuit has stated, "[i]t is not necessary . . . 'that an investigation into the facts be carried to the point of absolute certainty.' . . . Rather, it is sufficient if a factual contention 'will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.'" CQ Int'l Co. v. Rochem Int'l, Inc., USA, 659 F.3d 53, 63 (1st Cir. 2011) (first quoting Dubois v. U.S. Dep't of Agric., 270 F.3d 77, 82 (1st Cir. 2001), then quoting Fed. R. Civ. P. 11(b)(3)). The fact that a grand jury returned an indictment against Hand on the same day that the SEC filed this case, with the two cases alleging parallel conduct, provides objectively reasonable support for the SEC's decision to file a civil complaint against Hand. In addition, the fact that Hand was convicted by a jury in a criminal case in which the burden of proof was beyond a reasonable doubt is further indication that the agency had support for the

4

allegations in its complaint or would have "after a reasonable opportunity for further investigation or discovery." See Fed. R. Civ. P. 11(b)(3).

In light of the consent agreement precluding Hand from seeking this remedy and the jury verdict in the parallel criminal proceeding, the Court finds that, under the totality of the circumstances, the SEC's complaint did not violate Rule 11(b)(3) and therefore sanctions pursuant to Rule 11(c) are not warranted.

## III.  CONCLUSION

Accordingly, for the reasons explained above, Hand's motion for sanctions [ECF No. 48] is <u>DENIED</u>.

**SO ORDERED.**

December 17, 2019  /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE